FILED
February 01, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____NM_____
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **MATHIAS OMETU,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CIVIL NO. SA-21-CV-00925-OLG** |
| § | |
| **THE CITY OF SAN ANTONIO,** § | |
| **CHIEF OF POLICE WILLIAM** § | |
| **MCMANUS, DEVIN DAY, OFFICER,** § | |
| **BADGE # 0490; RICHARD SERNA,** § | |
| **OFFICER, BADGE # 1466;** § | |
| § | |
| **Defendants.** § | |

## ORDER ON REPORT AND RECOMMENDATION

The Court has considered United States Magistrate Judge Henry J. Bemporad's Report and Recommendation (R&R), filed November 15, 2023, concerning the cross-motions for summary judgment filed by Defendant City of San Antonio (Dkt. No. 42), Defendants Devin Day and Richard Serna (Dkt. No. 62), and Plaintiff Mathias Ometu (Dkt. Nos. 47, 48, 49). (*See* R&R, Dkt. No. 76.)

A party who wishes to object to a Magistrate Judge's findings and recommendations must serve and file specific written objections within fourteen days. FED. R. CIV. P. 72(b)(2). When a party objects to an R&R, the Court must make a de novo determination as to "any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3); *see United States. v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied*, 492 U.S. 918 (1989). Objections must be specific; frivolous, conclusory, or general objections need not be considered by the district court. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982), *overruled on other grounds by Douglass v. U.S. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)). Any portions of the Magistrate Judge's

findings or recommendations that were not objected to are reviewed for clear error. *Wilson*, 864 F.2d at 1221.

In his objections, Ometu repeatedly contends that the only reason he was initially stopped by Officer Serna is because the officer "found it unusual to see anyone in a bright green shirt, let alone running outside on a hot August afternoon." (*See* Dkt. No. 78 at 7, 9–11, 13, 16–19, 23.) But it is abundantly clear from the video evidence, which the Magistrate Judge accurately relied on, *see Scott v. Harris*, 550 U.S. 372, 378 (2007), that the reason Ometu was stopped is because he appeared to match the description of a domestic violence perpetrator. In fact, Ometu takes issue with the report more generally, proffering his own narrative in an attempt to create a fact dispute. But, again, as the Supreme Court stated in *Scott v. Harris*, the Court may rely on the facts as depicted in the video tape. *See* 550 U.S. at 378. The Magistrate Judge did just that.

In all other respects, Ometu's arguments are conclusory and give the Court no pause in adopting the Magistrate Judge's recommendation. Accordingly, the Court **ACCEPTS** the Magistrate Judge's R&R (Dkt. No. 76) and, for the reasons set forth therein, Defendant the City of San Antonio's Motion for Summary Judgment (Dkt. No. 42) is **GRANTED**; Defendants Devin Day and Richard Serna's Motion for Summary Judgment (Dkt. No. 62) is **GRANTED**; Plaintiff Mathias Ometu's Motions for Summary Judgment (Dkt. Nos. 47, 48, 49) are **DENIED**; and Defendants Devin Day and Richard Serna's Motion to Dismiss on the Pleadings (Dkt. No. 62) is **DENIED AS MOOT**.

It is further **ORDERED** that Plaintiff Mathias Ometu's Motion in Limine (Dkt. No. 72) is **DENIED AS MOOT**.

This case is **CLOSED**.

It is so **ORDERED**.

**SIGNED** this 1st day of February, 2024.

                                                                ORLANDO L. GARCIA
                                                                United States District Judge